IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02403-BNB

ERNIE J. SAVANNAH,

      Plaintiff,

v.

JOHN W. SUTHERS,
JOHN HUTTO,
BILL COLLINS,
ROBERT KNAB,
JAMES BYRNE, and
LARIMER COUNTY ATTORNEY OFFICE,

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

      Plaintiff, Ernie J. Savannah, is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Savannah has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution have been violated. The court must construe the Prisoner Complaint liberally because Mr. Savannah is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Savannah will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

      The court has reviewed the Prisoner Complaint and finds that the Prisoner

Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The claims Mr. Savannah asserts in the Prisoner Complaint arise out of his arrest in August 2011 and subsequent detention. He specifically claims that he was subjected to excessive force when he was arrested, that he was held in administrative segregation for two months for no reason, and that he was not treated for his injuries while he was in segregation. Mr. Savannah also asserts a claim that one of the Defendants, James Byrne, harassed his family and friends. However, Mr. Savannah fails to provide a short and plain statement of his claims showing that he is entitled to relief because he fails to

identify which claims are asserted against which Defendants and he fails to allege specific facts in support of his claims that demonstrate his constitutional rights have been violated and how the named Defendants personally participated in the asserted constitutional violations.

Mr. Savannah alleges in support of his first claim that Defendant Robert Knab used excessive force by deploying his police dog on Mr. Savannah without justification. However, it is not clear whether Mr. Savannah is asserting the excessive force claim against any other Defendants and, if so, what any other Defendant did or failed to do that allegedly subjected him to excessive force.  Similarly, Mr. Savannah fails to allege in support of his third claim for relief, in which he alleges he was held in administrative segregation and denied treatment for his injuries, what any Defendant did or failed to do that allegedly violated his rights.  In fact, Mr. Savannah fails to assert the third claim for relief against any specific Defendant or Defendants.  Finally, with respect to his second claim for relief, in which he alleges that Defendant Byrne harassed his family and friends, it is not clear what right Mr. Savannah contends was violated.  Mr. Savannah may assert claims on his own behalf only, and not on behalf of his family and friends.

For these reasons, Mr. Savannah will be directed to file an amended pleading if he wishes to pursue any claims in this action.  For each claim Mr. Savannah asserts, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's

3

attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Personal participation is an essential allegation in a § 1983 action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Savannah must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199. Accordingly, it is

ORDERED that Mr. Savannah file, **within thirty (30) days from the date of this**

4

**order**, an amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Savannah shall obtain the court-approved

Prisoner Complaint form (with the assistance of his case manager or the facility's legal

assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Savannah fails to file an amended complaint

that complies with this order within the time allowed, the action will be dismissed without

further notice.

DATED October 2, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland_____
United States Magistrate Judge