IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02403-BNB

ERNIE J. SAVANNAH,

    Plaintiff,

v.

JOHN W. SUTHERS,
JOHN HUTTO,
BILL COLLINS,
ROBERT KNAB,
JAMES BYRNE, and
LARIMER COUNTY ATTORNEY OFFICE,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

    Plaintiff, Ernie J. Savannah, is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Savannah initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1). On October 2, 2012, Magistrate Judge Boyd N. Boland entered an order directing Mr. Savannah to file an amended complaint within thirty days that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because certain claims in the Prisoner Complaint were not clear. Mr. Savannah has not filed an amended complaint as directed within the time allowed.

    The Court must construe the Prisoner Complaint liberally because Mr. Savannah is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.* For the reasons stated below, the Prisoner Complaint will be dismissed in part for failure to comply with the pleading requirements of Rule 8.

The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Furthermore, the philosophy of

Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Savannah asserts three claims for relief in the Prisoner Complaint that arise out of his arrest by Fort Collins, Colorado, police officers in August 2011 and his subsequent detention. Mr. Savannah alleges in support of his first claim that Defendant Robert Knab, a Fort Collins police officer, used excessive force by deploying his police dog on Mr. Savannah without justification in violation of his Fourth Amendment rights. Mr. Savannah alleges elsewhere in the Prisoner Complaint that he actually was arrested by Defendant Bill Collins, another Fort Collins police officer, and that Officer Collins allegedly failed to intervene and stop the excessive force. However, Magistrate Judge Boland noted in the order directing Mr. Savannah to file an amended complaint that it was not clear whether Mr. Savannah was asserting his excessive force claim against any Defendant other than Officer Knab.

Mr. Savannah alleges in his second claim, which he describes as a Fourteenth Amendment claim, that Defendant James Byrne, a Fort Collins police officer, used Mr. Savannah's telephone to access his Facebook page and harass his family and friends for eight days after Mr. Savannah was arrested. With respect to this claim, Magistrate Judge Boland noted that Mr. Savannah failed to identify how his own rights were violated in any way.

Mr. Savannah alleges in his third claim that his constitutional rights were violated because he was locked in administrative segregation for two months following his

arrest, he was not allowed contact with anyone while in segregation, and his injuries from the dog bites were not treated while he was in segregation. Magistrate Judge Boland determined that this claim was deficient because Mr. Savannah failed to assert the claim against any particular Defendant and he failed to identify what any particular Defendant did or failed to do that violated his rights in connection with the third claim for relief.

As noted above, Mr. Savannah has failed to file an amended complaint to correct these deficiencies. Therefore, the claims Magistrate Judge Boland identified as deficient will be dismissed. More specifically, claim two in the Prisoner Complaint will be dismissed because Mr. Savannah fails to allege specific facts in support of a claim that his own constitutional rights have been violated in any way as a result of Officer Byne's alleged harassment of Mr. Savannah's family and friends. Mr. Savannah's third claim for relief will be dismissed because the claim is not asserted against any particular Defendant.

The Court will not address at this time the merits of Mr. Savannah's first claim for relief in the Prisoner Complaint, the excessive force claim specifically asserted against Officer Knab. Construing the Prisoner Complaint liberally, it appears that Mr. Savannah also may be asserting the excessive force claim against Officer Collins. Therefore, the Court also will not dismiss Officer Collins as a party to this action. However, the Defendants other than Officers Knab and Collins will be dismissed as parties to this action because Mr. Savannah fails to assert any cognizable claims against those Defendants. The remaining excessive force claim against Officers Knab and Collins will be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR

8.2D because the Court has completed its review pursuant to D.C.COLO.LCivR 8.2C. Accordingly, it is

ORDERED that claims two and three in the Prisoner Complaint are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8.  It is

FURTHER ORDERED that Defendants John W. Suthers, John Hutto, James Byrne, and the Larimer County Attorney Office are dismissed as parties to this action.  It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  26th  day of    November         , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court