IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–02403–RBJ–MJW

ERNIE J. SAVANNAH,

Plaintiff,

v.

ROBERT KNAB and
BILL COLLINS,

Defendants.

**RECOMMENDATION ON
MOTION TO DISMISS COMPLAINT FROM FORT COLLINS POLICE OFFICER BILL
COLLINS (Docket No. 29)**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 12) issued by Judge R. Brooke Jackson on November 26, 2012.

**PLAINTIFF'S ALLEGATIONS**

Pro se prisoner plaintiff Ernie Savannah's Complaint (Docket No. 1) was filed on September 10, 2012. On October 2, 2012, Judge Boland entered an order (Docket No. 6) directing plaintiff to file an amended complaint complying with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff failed to file an amended complaint within the time period specified in Judge Boland's order. Accordingly, Judge Boland entered an order (Docket No. 9) which dismissed claims two and three, and allowed claim one, for excessive force against Defendants Robert Knab and Bill Collins, to go forward. All other defendants named in plaintiff's complaint were dismissed.

Plaintiff's Claim One alleges that Defendant Knab used excessive force in effecting plaintiff's arrest.  Claim One further alleges that Defendant Collins failed to intervene and prevent the use of excessive force by Defendant Knab.  Plaintiff specifically alleges that on August 21, 2011, Defendant Collins first arrived at the scene of plaintiff's arrest.  Defendant Collins drew his gun and ordered plaintiff to lay face down on the ground.  Plaintiff alleges he immediately complied.  Three to five minutes later, Defendant Knab arrived on the scene with a K-9 dog.  Plaintiff alleges that Defendant Knab unnecessarily deployed the dog and allowed the dog to bite plaintiff several times on plaintiff's head and neck.  Plaintiff further alleges that at no time did he resist arrest.

**PENDING MOTION**

Now before the court for a report and recommendation is the Motion to Dismiss Complaint from Fort Collins Police Officer Bill Collins (Docket No. 29).  Therein, Defendant Collins argues that: (1) plaintiff has failed to state a claim for excessive force against Defendant Collins; (2) plaintiff has failed to allege the required personal participation by Defendant Collins; and (3) Defendant Collins is entitled to qualified immunity.

The court has carefully considered the Complaint (Docket No. 1), the motion to dismiss (Docket No. 29), plaintiff's response (Docket No. 32), Defendant Collins' reply (Docket No. 38), and plaintiff's second response (Docket No. 42).  In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

3

Under Rule 8(a)(2), a pleading must contain "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Id. at 555 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." Id.  "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . .  Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Twombly, 550 U.S. at 570).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012).  The court has further "noted that '[t]he nature and

specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id.

Plaintiff is proceeding pro se. The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers). However, a pro se litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove

5

facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged.  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).  See Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for the plaintiff in the absence of any discussion of those issues).  The plaintiff's pro se status does not entitle him to application of different rules.  Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

**FAILURE TO STATE A CLAIM AND LACK OF PERSONAL PARTICIPATION**

Defendant Collins argues that plaintiff has failed to state a claim for excessive force against Defendant Collins.  Closely related, Defendant Collins also argues that plaintiff has failed to show that Defendant Collins personally participated in the alleged constitutional deprivation.

Claims for excessive force during arrest fall under the Fourth Amendment's right to be free of unreasonable searches an seizures, and are analyzed using an "objective reasonableness" standard.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).  To state a plausible claim for violation of the Fourth Amendment right to be free from excessive force, a plaintiff must allege "(1) the officers used greater force than would have been reasonably necessary to effect a lawful seizure, and (2) some actual injury caused by the unreasonable seizure that is not *de minimis*, be it physical or emotional."  Salazar v. Castillo, No. 12-cv-01481-JLK, 2013 WL 69154, at *3 (D. Colo. Jan. 7, 2013) (citing Cortez v. McCauley, 478 F.3d 1108, 1129 (10th Cir. 2007)).

6

Further, under § 1983, when a defendant is sued in his or her individual capacity, the complaint must allege facts that show the defendant personally participated in the alleged violation. See Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997); Jenkins v. Wood, 81 F.3d 988, 994-95 (10th Cir. 1996) ("[P]laintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation."); Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976). In addition, a defendant may not be held liable under § 1983 merely because of his or her supervisory position. Grimsley v. MacKay, 93 F.3d 676, 679 (10th Cir. 1996). Rather, there must be an affirmative link between the alleged constitutional violation and the defendant's own participation or failure to supervise. Butler v. City of Norman, 992 F.2d 1053, 1055 (10th Cir. 1993).

Defendant Collins contends that plaintiff has failed to allege that Defendant Collins used any force against plaintiff, much less excessive force. In other words, Defendant Collins argues that there are no allegations that he personally participated in the alleged act of use of excessive force. The court agrees with Defendant Collins.

The only factual allegations in plaintiff's complaint which implicate Defendant Collins are that Defendant Collins arrived at the scene first, pulled his gun, and ordered plaintiff to lay on the ground.[1] In addition, plaintiff makes the conclusory statement that Defendant Collins "is in violation of deliberate indifference for failing to intervene and stop excessive force." Plaintiff's allegations are insufficient to state a valid claim for

---

[1] Plaintiff also alleges that Defendant Collins lied on his incident report. This is mentioned several times in plaintiff's responses to the motion to dismiss. However, pursuant to Judge Boland's order (Docket No. 9), the only claim before this court is one for excessive use of force.

excessive force against Defendant Collins or to show Defendant Collins personally participated. Plaintiff does not allege that Defendant Collins took any affirmative action which in some way contributed to the K-9 dog biting plaintiff. Indeed, plaintiff's only allegation regarding the K-9 dog and Defendant Collins is a conclusory statement that Defendant Collins *failed* to take an action, i.e., did not prevent Defendant Knab from releasing the dog. In other words, plaintiff argues that Defendant Collins should have, in a some kind of supervisory manner, stopped Defendant Knab from taking the actions he did. However, regardless of whether Defendant Collins actually had any supervisory power over Defendant Knab, personal participation must be shown through an affirmative link, not mere knowledge of and failure to prevent the alleged constitutional violation. See Butler, 992 F.2d at 1055; Alpers v. Town of Erie, 10-cv-01105-WDM-CBS, 2011 WL 742471, at *4 (Feb. 24, 2011 D. Colo.) (finding that police officers at scene who failed to prevent another officer's dog from biting victim were not liable). Accordingly, the court finds that plaintiff has failed to allege a valid claim of excessive force against Defendant Collins.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Motion to Dismiss Complaint from Fort Collins Police Officer Bill Collins (Docket No. 29) be **GRANTED** and Defendant Bill Collins be dismissed from this case.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),**

8

**the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  March 18, 2013              s/ Michael J. Watanabe
       Denver, Colorado            Michael J. Watanabe
                                   United States Magistrate Judge