IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 12-cv-02403-RBJ-MJW

ERNIE J. SAVANNAH,

    Plaintiff,

v.

BILL COLLINS and
ROBERT KNAB,

    Defendants.

# ORDER

This case is before the court on defendant Bill Collins's motion to dismiss. [docket #29]. This motion was referred to Magistrate Judge Watanabe. On March 18, 2013 Judge Watanabe recommended that Officer Collins's motion be granted and claims against Officer Collins be dismissed. [#46]. The plaintiff, Ernie Savannah, timely objected. [#48]. Mr. Savannah has also objected to two minute orders issued by Judge Watanabe. [#43, 44]. This order will resolve all outstanding motions.

**Facts**

Mr. Savannah alleges that on August 21, 2011 he was the victim of excessive force. According to his complaint, Officer Collins arrived at the scene first, drew his gun, and ordered plaintiff down on the ground. Mr. Savannah asserts that he immediately complied. A few minutes later, Officer Knab arrived on the scene with a police dog. Mr. Savannah alleges that Officer Knab deployed the dog to bite Mr. Savannah on the head and neck. According to Mr.

Savannah, at no time during the process did he resist arrest.  Mr. Savannah alleges that Mr. Collins failed to intervene and stop the dog from biting him.

**Procedural History**

As a pro se prisoner, Mr. Savannah filed his complaint on September 10, 2012.  On October 2, 2012 Judge Boland determined that the complaint did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  [#6].  Judge Boland entered an order directing Mr. Savannah to file an amended complaint complying with Rule 8.  [#6].  Because Mr. Savannah did not file an amended complaint within the time period specified by Judge Boland, Judge Boland entered an order dismissing claims two and three of the complaint.  [#9].  Judge Boland determined that claim one, which alleges that Officer Knab used excessive force against Mr. Savannah and that Officer Collins failed to intervene, could go forward.  Subsequently, Officer Collins filed a motion to dismiss arguing that Mr. Savannah failed to state a claim under the fourth amendment against Officer Collins, and that Officer Collins is protected from suit by qualified immunity.  [#29].  Judge Watanabe determined that Mr. Savannah failed to state a claim against Officer Collins because he did not show that Officer Collins participated in the alleged constitutional deprivation.  [#46].  Mr. Savannah timely objected to Judge Watanabe's recommendation.  [#48].

In addition to objecting to that recommendation, Mr. Savannah also objects to two minute orders that Judge Watanabe issued.  First, Mr. Savannah objects to a minute order denying without prejudice Mr. Savannah's request for appointed counsel.  [#43, #41].  Second Mr. Savannah objects to a minute order denying without prejudice Mr. Savannah's request for depositions upon written questions.  [#44, #35].

**Standard of Review**

Following the issuance of a magistrate judge's recommendation on a dispositive matter the district court judge must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The district judge is permitted to "accept, reject, or modify the recommended disposition; receive further instruction; or return the matter to the magistrate with instructions." *Id.* When a magistrate judge issues an order on a non-dispositive pretrial matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

In reviewing a motion to dismiss, the Court must accept the well-pleaded allegations of the complaint as true and construe them in plaintiff's favor. However, the facts alleged must be enough to state a claim for relief that is plausible, not merely speculative. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Allegations that are purely conclusory need not be assumed to be true. *Id.* at 1951.

Because plaintiff represents himself *pro se*, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**Analysis**

*Personal Participation*

The Fourth Amendment protects against unreasonable search and seizure and includes the right to be free from excessive force during an arrest. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989). "[T]he Fourth Amendment recognizes the right of the police, in making an arrest or stop, 'to use some degree of physical coercion or threat thereof to effect it.'" *Hinton v. City of Elwood*, 997 F.2d 774, 781 (10th Cir.1993) (quoting *Graham v. Connor*, 490 U.S. 386, 396, (1989)). Thus, to state a claim for excessive force, a plaintiff must allege that "(1) the officers used greater force than would have been reasonably necessary to effect a lawful seizure, and (2) some actual injury caused by the unreasonable seizure that is not *de minimis,* be it physical or emotional." *Salazar v. Castillo,* No. 12-CV-01481-JLK, 2013 WL 69154 (D. Colo. Jan. 7, 2013).

Officer Collins argues that Mr. Savannah has failed to state a claim against him because the complaint does not allege that Mr. Collins personally participated in the alleged constitutional deprivation. As a general rule, under 42 U.S.C. § 1983, a complaint must allege that the defendant personally participated in the constitutional violation. *Jenkins v. Wood,* 81 F.3d 988, 994-95 (10th Cir. 1996). However, the Tenth Circuit has repeatedly held that "a law enforcement official who fails to intervene to prevent another law enforcement official's use of excessive force may be liable under § 1983." *Mick v. Brewer*, 76 F.3d 1127, 1136 (10th Cir. 1996). Therefore, Mr. Savannah's claim that Officer Collins failed to intervene and stop the excessive force administered by Officer Knab and his service animal is sufficient to plead a claim under § 1983.

*Qualified Immunity*

Next, Officer Collins argues that he is entitled to qualified immunity. The qualified immunity doctrine "shields government officials performing discretionary functions from liability for damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Toevs v. Reid,* 685 F.3d 903, 909 (10th Cir. 2012) (internal citations omitted). "Once a defendant raises the defense of qualified immunity in the context of a motion to dismiss, a court must first determine whether the plaintiff has asserted a violation of federal law." *Currier,* 242 F.3d at 917. Next, "the plaintiff must demonstrate to the court that the law on which the plaintiff relies was clearly established at the time of the defendants' actions. The plaintiff must prove the right was sufficiently clear that a reasonable official would have understood that his conduct violated the right." *Id.* at 923. (internal citations omitted).

First, Mr. Savannah alleges that Officer Collins violated his Fourth Amendment right to be free from unreasonable search or seizure. This satisfies the first prong that Mr. Savannah has asserted a violation of federal law. Next, the Court must determine whether that law was clearly established at the time of Officer Collins's actions. In *Mick v. Brewer*, the Tenth Circuit held that there was clearly established precedent that an officer could be held liable under § 1983 if he failed to intervene when another officer was using excessive force. 76 F.3d at 1136. That case, decided in 1996, held that the law had been clearly established since at least June 18, 1992. *Id.* Thus, when Officer Collins allegedly failed to intervene in August 2011, the law had been clearly established for at least 19 years. Because Mr. Savannah alleges a violation of federal law that was clearly established at the time of the alleged violation, Officer Collins is not entitled to qualified immunity at this stage of the litigation.

*Denial of Motion to Appoint Counsel*

Mr. Savannah objects to Judge Watanabe's order denying his request for appointed counsel. This Court reviews Judge Watanabe's order for clear error. Fed. R. Civ. P. 72(a). There is no constitutional right to counsel for inmates alleging civil rights violations, but 28 U.S.C. § 1915(e)(1) permits a district court to appoint counsel if it deems it appropriate. *Avery v. Anderson*, 94 F. App'x 735, 739 (10th Cir. 2004). In determining whether it is appropriate to appoint counsel, the Court considers "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995). Judge Watanabe determined that the "factual and legal issues raised are not so numerous or complex that the plaintiff is unable to present his case adequately at this stage of the litigation." [#41]. Judge Watanabe considered the appropriate factors and came to a decision that was not clearly erroneous. Accordingly, plaintiff's objection is denied.

*Denial of Deposition of Written Question*

On January 2, 2013, Mr. Savannah filed a motion requesting written questions be answered by the defendants. [#19]. Judge Watanabe denied this motion and Mr. Savannah objected. As a non-dispositive motion, this Court reviews Judge Watanabe's decision for clear error. Fed. R. Civ. P. 72(a). According to Rule 26(d)(1) "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Mr. Savannah's January 2, 2013 motion was filed before the parties had conferred pursuant to Rule 26(f). Further, Mr. Savannah did not provide any reason why the court should have granted leave for him to obtain discovery before

6

the Rule 26(f) conferral. Accordingly, Judge Watanabe did not abuse his discretion in denying Mr. Savannah's motion.

**Order**

1. Plaintiff's objection to the magistrate judge's recommendation granting defendant's motion to dismiss [#46] is GRANTED, and Defendant's motion to dismiss [#29] is DENIED.

2. Plaintiff's objection to the magistrate judge's order denying his motion to appoint counsel [#43] is DENIED.

3. Plaintiff's objection to the magistrate judge's order denying his motion to take written depositions [#44] is DENIED.

DATED this 28th day of May, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge