IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 12-cv-02403-RBJ-MJW

ERNIE J. SAVANNAH,

    Plaintiff,

v.

BILL COLLINS and
ROBERT KNAB,

    Defendants.

# ORDER

The case is before the Court on defendant Knab's motion for summary judgment; Magistrate Judge Watanabe's recommendation that the motion be denied; and Mr. Knab's objection to that recommendation. For the reasons summarized below, the recommendation is accepted, and the motion for summary judgment and the objection are both denied.

## BACKGROUND

The facts have been discussed in several previous orders, including one by the Tenth Circuit. *Savannah v. Collins,* 547 F. App'x. 874 (10th Cir. 2013) (unpublished). Briefly, Mr. Savannah participated in an armed robbery of a marijuana dispensary. Almost immediately police officers pursued the getaway car in which Mr. Savannah was a passenger. The driver attempted to elude police, and when the car momentarily stopped, Mr. Savannah jumped out and attempted to elude officers on foot. However, Officer Collins caught up with him and ordered him to lie face down on the ground. According to Mr. Savannah, he complied and did not resist arrest.

1

Shortly thereafter K9 officer Knab arrived with his police dog Zorro. According to Mr. Savannah, Office Knab deployed Zorro, without cause, resulting in Mr. Savannah's suffering bites around the neck and head. He sued Officer Collins and Officer Knab, contending that Officer Knab's deployment of the police dog constituted an unconstitutional use of excessive force in the circumstances, and that Officer Collins participated in the use of excessive force by his failure to intervene in the deployment of the dog.

Early in the case Officer Collins moved for dismissal based upon the doctrine of qualified immunity. The motion was referred to Magistrate Judge Watanabe, who recommended that the motion be granted. ECF No. 46. This Court disagreed and denied the motion to dismiss. However, the Tenth Circuit reversed, holding that Mr. Savannah did not plead sufficient facts plausibly to suggest that Officer Collins had a realistic opportunity to intervene. *Savannah,* 547 F. App'x. at 876-77. Therefore, all claims against Officer Collins have been dismissed.

Officer Knab now moves for summary judgment, arguing that he too is entitled to qualified immunity, and alternatively, that Mr. Savannah's injuries were too minor to support a claim based on the use of excessive force. ECF No. 148. In support of his motion, Officer Knab submits his own affidavit and excerpts from a deposition taken of Mr. Savannah.

In his affidavit Officer Knab states that after receiving a dispatch report of an armed robbery at 6410 S. College Avenue in Fort Collins, Colorado and a suspect running on foot back towards College Avenue, he followed Officer Collins in that direction and observed a black male running. ECF No. 148-3 at ¶6(a-c). Observing that the suspect was slowing down, he got out of his car and retrieved Zorro. *Id.* at ¶6(e). He saw the suspect lying on his back and heard Officer Collins order the suspect to get onto his stomach three times. *Id.* at ¶6(f). Because the suspect had been reported armed and was being uncooperative, he perceived a threat to Officer Collins

2

and himself, so he gave Zorro the attack command. *Id.* at ¶6(g, h). After Zorro "contacted" the suspect's left ear and neck, he immediately grabbed Zorro's collar and gave him the release command, which Zorro obeyed. *Id.* at ¶6(h, i).

In the deposition excerpts Mr. Savannah admitted that he used a BB gun in the robbery (of a marijuana dispensary). ECF No. 148-2 at deposition pages 59-60. He testified that he dropped the gun, and, although it broke into three pieces, he took the pieces with him when he left the store. *Id.* However, he also testified that while he was running from the police he threw the store manager's wallet and his own hoody into a field, and he wasn't holding anything else. *Id.* at 76-77. After Officer Collins caught up to him, he complied with the officer's orders to raise his hands and lie face down on the ground. *Id.* at 87-88. He testified that Officer Knab then got out of his car and released his canine; that the dog bit him while he was lying on his stomach; that he was never told to roll over onto his back, nor was he ever lying on his back or his side; and that although Officer Knab pulled the dog off him, he did not do so immediately. *Id.* at 90, 92, 103, 106, 108.

In support of his opposition to the motion for summary judgment Mr. Savannah offers, among other things, a report prepared by Lt. Haywood of the Fort Collins Police Department. ECF No. 156-3. The report indicates that another officer, Officer Mainwal, had spoken with Officers Collins and Knab and had read the case report. According to Officer Mainwal, it appeared that Officer Knab permitted Zorro to leave the patrol vehicle without a leash; that Zorro twice ran towards Mr. Savannah without commands, both times being successfully recalled; that Officer Knab then deployed Zorro onto Mr. Savannah without giving Mr. Savannah any commands to comply with the officers' orders ; and that Officer Mainwal, himself a K9 Trainer, did not believe that Officer Knab's actions were reasonable. *Id.* at 1.

Lt. Haywood's report acknowledges that Mr. Savannah was believed to have just committed an armed robbery with a gun. However, officers saw no gun in his possession, and Mr. Savannah was, at least initially, attempting to comply with commands. Lt. Haywood understood that Mr. Savannah was told to roll onto his stomach but stopped halfway through the rollover. At that point Officer Knab deployed Zorro without any command to Mr. Savannah to continue his rollover. He notes Officer Mainwal's opinion that, although a K9 can be sent "on a bite" without warning if the handler believes that a suspect presents an immediate threat to a citizen, an officer or to the K9, none of those criteria were met in this case. *Id.* at 2.

Notably, Lt. Haywood and Officer Mainwal disagreed as to whether a warning was required in the circumstances, and whether the deployment was contrary to accepted practice and officer safety considerations. *Id.* Nevertheless, Lt. Haywood recommended that Officer Knab be removed from the K9 unit, and Captain Szakmeister agreed and removed him. ECF No. 156-4.

In his Recommendation Magistrate Judge Watanabe began by reciting basic law concerning qualified immunity. The plaintiff must establish both that the defendant violated a constitution right and that the right was clearly established. *Id.* at 2. He then listed findings of fact in 16 numbered paragraphs. ECF No. 167 at 3-5. For the most part he found that the chronology of facts was not disputed. He did note that whether Mr. Savannah complied with Officer Collins' orders to lie face down with his palms down and arms stretched out was disputed. *Id.* at 3-4. For purposes of summary judgment, however, he construed the disputed facts and drew inferences in Mr. Savannah's favor. *Id.* at 2-3.

The recommendation notes that the Fourth Amendment protects individuals from unreasonable searches and seizures. *Id.* at 7. Reasonableness in the context of making an arrest

is judged by an objective standard, generally considering such factors as (1) the severity of the crime, (2) whether the suspect posed an immediate threat to the safety of officers or others, and (3) whether the subject was actively resisting arrest or attempting to evade arrest by flight. *Id.* at 7-8 (citing *Fisher v. City of Las Cruces,* 584 F.3d 888, 894 (10th Cir. 2009). The recommendation noted Officer Knab's arguments that the crime was severe, inasmuch as it involved armed robbery; that Mr. Savannah had attempted to evade police; that Mr. Savannah had done nothing to communicate that he was no longer armed; that if armed he would pose a direct threat to responding officers and to the public; and that, on those facts, it would be reasonable to release Zorro in order to subdue Mr. Savannah. *Id.* at 8-9. However, the recommendation also noted that there was evidence that Mr. Savannah was lying face down with his arms extended; that he was complying with Officer Collins' orders; and that Officer Knab had sufficient time to take the scene in, as evidenced by his having recalled Zorro twice before deploying him. The magistrate judge found that there was a dispute of material facts as to whether excessive force was used. *Id.* at 9-10.

As to whether the alleged constitutional right was clearly established at the time of the incident, the magistrate judge noted that this turns on whether a Supreme Court or Tenth Circuit decision, or the clearly established weight of authority from other courts, supports plaintiff's construction of the law. The magistrate judge concluded that there was "no doubt" that the right at issue was clearly established. For example, the Tenth Circuit has held that when a person has submitted to an officer's show of force without resistance, and the officer has no reasonable cause to believe that the person poses a danger to officers or others, it may be excessive and unreasonable to continue to aim a load firearm at the person. Recommendation at 11 (citing *Holland ex rel. Overdorff v. Harrington,* 268 F.3d 1179, 1193 (10th Cir. 2001)). Any use of

5

force after a subject has been subdued is unreasonable. *Id.* (citing *Grass v. Johnson,* 322 F. App'x. 586, 590 (10th Cir. 2009) (unpublished)).

The recommendation does not cite a Tenth Circuit case involving alleged excessive force in the deployment of a police dog. However, it cited an Eleventh Circuit case, *Priester v. City of Riviera Beach, Fla.,* 208 F.3d 919 (11th Cir. 2000), for its holding that when a K9 officer ordered and allowed his dog to attack and bite a suspect who had complied with an order to get down on the ground, was not attempting to flee or resist arrest, and did not pose a threat of bodily harm to the officers or others, the officer violated the suspect's right to be free from the excessive use of force. 208 F.3d at 927. The *Priester* court summarized that "[n]o reasonable police officer could believe that this forces was permissible given these straightforward circumstances." *Id.*

Acknowledging that the facts of the present case (construed in Mr. Savannah's favor) are less egregious than those in *Priester,* and that *Priester* is out-of-circuit precedent, the magistrate judge nevertheless concluded that "the idea that one cannot apply unneeded force to a suspect who is already effectively subdued and compliant is well-established to the point of being obvious." *Id.* at 12.

Judge Watanabe also gave short shrift to the alternative argument that Mr. Savannah's injuries were too minor to support an excessive force claim as a matter of law. He construed applicable Tenth Circuit law as limiting the de minimis injury rule to handcuffing cases. *Id.* at 6-7. Accordingly, the magistrate judge recommended that this Court deny the motion for summary judgment.

Officer Knab filed a timely objection to the recommendation. ECF No. 168. The objection focuses on Judge Watanabe's finding that the scene in front of Officer Knab posed a

disputed question of fact concerning whether Mr. Savannah was compliant with Officer Collins orders. The objection notes that in a footnote to the recommendation Judge Watanabe acknowledged the possibility that a court could view the evidence as so "lopsided" that no reasonable jury could accept the plaintiff's version. ECF No. 167 at 9, n.1. Officer Knab argues that the evidence was that lopsided here, and that the magistrate judge should not have taken Mr. Savannah's version of the facts at face value. He submits that when the reasonableness of Officer Knab's actions is judged from the perspective of a reasonable police officer, no reasonable jury could accept Mr. Savannah's version of the facts. ECF No. 168 at 3.

## STANDARD OF REVIEW

Courts may grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A district judge reviews de novo any part of a magistrate judge's recommendation on a dispositive motion to which a proper objection has been made. Fed. R. Civ. P. 72(b)(3).

A plaintiff's burden in responding to a motion for summary judgment is relatively light. He must produce some evidence that establishes a genuine dispute of material fact, but the evidence and inferences that might reasonably be drawn from the evidence are viewed in the light most favorable to him at this stage. *Riser v. QEP Energy*, 776 F.3d 1191, 1195 (10th Cir. 2015). Assertion of qualified immunity affects analysis somewhat. "[A]t summary judgment, we must grant qualified immunity unless the plaintiff can show (1) a reasonable jury could find facts supporting a violation of a constitutional right, which (2) was clearly established at the time of the defendant's conduct." *Estate of Marvin Booker v. Gomez,* 745 F.3d 405, 411 (10th Cir.

2014). However, factual disputes and reasonable inferences must still be resolved in the plaintiff's favor. *Id.*

## ANALYSIS

There was no objection to the magistrate judge's recommendation insofar as it concluded that Mr. Savannah's injuries were too minor to support a claim of excessive force. Rather, the objection addresses only the magistrate judge's recommendation that summary judgment based upon qualified immunity be denied. I have reviewed that part of the recommendation de novo.

Specifically, I have, of course, read and considered the motion, response and reply; the exhibits submitted by the parties in support of their respective positions; the magistrate judge's recommendation; Officer Knab's objection to it; and the plaintiff's reply to the objection. I have also reviewed relevant cases including the Tenth Circuit's unpublished order concerning the qualified immunity argument of co-defendant Collins.

I conclude that Judge Watanabe's well written and reasoned recommendation is absolutely correct. The factual record establishes a clear and genuine dispute of fact concerning whether and to what extent Mr. Savannah complied with Officer Collins' orders. Likewise, there is a clear and genuine dispute of fact concerning whether, when Officer Knab gave his police dog the "attack command," as he called it, Mr. Savannah posed any realistic threat to the officers or others. There also is a dispute as to whether Officer Knab called off the attack in a timely manner. In short, there are genuine disputes of material fact regarding the circumstances presented to Officer Knab and whether, in light of those circumstances, his actions were objectively reasonable.

Officer Knab in substance is asking the Court to accept his version of the facts, starting with the armed robbery, the eluding, his lack of knowledge as to whether Mr. Savannah was still

armed, his story that Mr. Savannah was being uncooperative with Officer Collins, and his perception that Mr. Savannah posed a threat. The Magistrate Judge understood all that, and he understood, as do I, that a jury could resolve the facts in that manner. However, he also recognized that, on the record before him, a jury could reject Officer Knab's version of the story. Officer Knab doggedly insists that no reasonable jury could resolve the facts in Mr. Savannah's favor. Not only did the magistrate judge disagree, as do I, but even within the Fort Collins Police Department there is a dispute as to whether Officer Knab's actions were reasonable in the circumstances.

The qualified immunity doctrine plays an important role in protecting police officers and other public officials from the stress and expense of lawsuits seeking money damages unless the plaintiff actually has the goods. The plaintiff does not have to prove his case at this stage, but he does have to come forward with facts that, if believed, would establish a violation of the Fourth Amendment's prohibition of the use of excessive force in making an arrest. He has done so here.

As for whether the right is clearly established, I again agree with the magistrate judge. If the facts and inferences are construed in Mr. Savannah's favor, as must be done on a motion for summary judgment, both Tenth Circuit precedent and common sense establish that giving an attack command to an unrestrained police dog after a suspect has been subdued would be excessive and unreasonable. The Eleventh Circuit said this clearly in the *Priester* case, and I conclude that the Tenth Circuit would probably come out similarly.

## ORDER

For the reasons discussed, the Court accepts and adopts the recommendation of the magistrate judge. ECF No. 167. The Court denies the objection to the recommendation [ECF No. 168] and denies Officer Knab's motion for summary judgment [ECF No. 148].

DATED this 14th day of July, 2015.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge